UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

MARTIN GUZMAN-GUZMAN,

                    Defendant.

NO. CR-06-2088-EFS

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING DEFENDANT'S MOTION RE: GRAND JURY TRANSCRIPTS, AND GRANTING DEFENDANT'S MOTION FOR A CONTINUANCE**

On September 18, 2006, the Court conducted a pretrial conference in the above-captioned matter. Before the Court was Defendant's Motion to Dismiss Case and Indictment (Ct. Rec. 31) and Defendant's Motion for Discovery Re: Grand Jury Testimony (Ct. Rec. 32). After reviewing the submitted material and applicable authority and hearing arguments on the motion to dismiss, the Court denied the motion. This Order serves to memorialize and supplement the Court's oral rulings.

**I. Motion to Dismiss**

A. Factual Background

On April 22, 1996, Defendant was convicted of Delivery of a Controlled Substance, in Klickitat County Superior Court, and was sentenced to a term of imprisonment of 24 months. (Ct. Rec. 39.) Neither the Government nor Defendant's brief state whether the conviction

ORDER ~ 1

was based on a plea.  The Government contends that Defendant's offense was not a deportable offense at that time.  *Id.* at 11.  Two days later, on April 24, 1996, Congress passed section 440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA), which made all persons designated as aggravated felons ineligible for relief from deportation. 8 U.S.C. § 1182.

On May 24, 1996, Defendant was served with an Order to Show Cause and Notice of Hearing.  (Ct. Rec. 39 at 2.)  On November 6, 1997, Defendant appeared before an Immigration Judge (IJ).  *Id.*  The IJ determined Defendant was not eligible for relief and ordered Defendant deported.  *Id.*  Defendant appealed the decision on November 28, 1997, arguing that his conviction occurred at a time when he would have been eligible for "212(c) relief."  *See* Law of April 24, 1996, 8 U.S.C. § 1182(c) (repealed September 30, 1996).

On September 8, 1998, the Board of Immigration Appeals (BIA) affirmed the November 6, 1997, decision of the IJ.  (Ct. Rec. 39 at 2.) On November 16 of that year, Defendant appealed the decision to the Ninth Circuit.  *Id.*  The Ninth Circuit dismissed the appeal based on a lack of jurisdiction given that Defendant's petition for judicial review was not timely filed.  *Id.*  On June 11, 1999, Defendant was removed from the United States.  *Id.*

On December 22, 2000, Defendant was discovered in White Salmon, Washington following a traffic accident.  The Immigration Service determined that Defendant had been previously removed from the United States and on December 28, 2000, issued a Notice of Intent/Decision to

ORDER ~ 2

Reinstate Prior Order. *Id.* Defendant was removed on January 16, 2001. *Id. at 3.*

On April 26, 2006, the Klickitat County Sheriff's Office advised the Immigration Service of Defendant's presence in their county. *Id.* Defendant was indicted on May 16, 2006, under 8 U.S.C. § 1326, alleging a removal date of January 16, 2001. (Ct. Rec. 1.)

Defendant moves to dismiss his Indictment on the grounds that the underlying deportation was fundamentally flawed.

B. Analysis and Conclusion

The text of 8 U.S.C. § 1326 permits collateral attack of the underlying deportation order if:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Typically in § 1326 cases challenging the validity of the underlying deportation, the Ninth Circuit has used a due process test to determine whether the deportation was proper. *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir. 1998) (holding that a collateral attack can be successful if the defendant demonstrates "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects."); *United States v. Ubaldo-Figueroa,* 364 F.3d 1042 (9th Cir. 2004).

ORDER ~ 3

In his Motion to Dismiss, Defendant attacks both the reinstated removal order of December 2000, which serves as the basis for his indictment, and the original removal order of November 1997, which was the basis for the reinstated removal order.  (Ct. Rec. 31.)

*1. November 1997 Removal Order*

Defendant argues "the 1997 Removal Order is also in violation of law," under the Supreme Court's holding in *INS v. St. Cyr,* 533 U.S. 289 (2001).  (Ct. Rec. 31 at 5.)  In *St. Cyr,* the Court held that so called § 212(c) relief that was available to aliens at the time of their plea agreement would remain available to them, as a ruling otherwise would result in an impermissive retroactive application of the law.  *St. Cyr,* 533 U.S. at 326.  The Government counters that prior to the passage of the IIRIRA and AEDPA, aliens were only subject to deportation for crimes that carried a sentence of at least 5 years.  *Id.*  Because Defendant was not subject to deportation he could not have relied upon § 212(c) relief from deportation, therefore the ruling in *St. Cyr* does not apply to Defendant.  *Id.*  At oral argument, counsel for Defendant argued Defendant's original offense would have subjected Defendant to possible deportation, but counsel did not provide any information to substantiate this claim.

In support of its contention that individuals in circumstances similar to Defendant could not have relied on § 212(c) relief, the Government cites *Cordes v. Gonzalez,* 421 F.3d 889 (9th Cir. 2005). However, the conclusion of the Ninth Circuit in *Cordes* was that failure to apply the rule in *St. Cyr* to defendants who were not originally

ORDER ~ 4

convicted of a deportable offense *was* in fact a violation of equal protection. *Cordes,* 421 F.3d at 899.[1]

However, the question in the instant case is not whether Defendant was denied equal protection in his original deportation, but whether there was a defect in the process that resulted in a denial of Defendant's due process rights. In a similar case, the Ninth Circuit found it was not fundamentally unfair for an IJ, prior to the ruling in *Cordes*, not to advise the defendant of a possible equal protection claim. *United States v. Rivera-Sanchez,* 172 Fed. Appx. 739, 740 (9th Cir. 2006). Thus, in 1997 when Defendant went before the IJ, Defendant's deportation was not defective as a matter of due process, even though he might be able to challenge a similar deportation on direct appeal under the current case law. Therefore, Defendant's Motion to Dismiss is denied in part.

-------------------

[1] The plaintiff's argument in *Cordes* was she would have been at risk of deportation had she originally been convicted of a more serious offense, and thus also could potentially have benefitted from § 212(c) relief. *Cordes,* 421 F.3d at 897. Further, it would be a violation of equal protection to allow a more serious felon to benefit from the rule in *St. Cyr* and deny her the same protection. *Id.* In *Cordes*, the Ninth Circuit found that the disparate treatment between Ms. Cordes and similarly situated residents who would have been entitled to § 212(c) relief under *St. Cyr* and those like herself and like Defendant, who were not entitled to such relief, lacked a rational basis. *Id.*

ORDER ~ 5

*2. December 2000 Reinstatement*

While Defendant does not present evidence regarding the specific facts of his case, he argues the general process by which he was removed is violative of due process. (Ct. Rec. 31 at 3-4.) Defendant's order of removal was reinstated based on regulations under 8 C.F.R. § 241.8. In pertinent part, the regulation holds that in the context of the reinstatement of a removal order "[t]he alien has no right to a hearing before an immigration judge . . . ." *Id.* To support his contention that this process violates his due process rights, Defendant cites *Morales-Izquierdo v. Ashcroft,* 388 F.3d 1299 (9th Cir. 2004), which holds that the implementing regulations at 8 C.F.R. § 241.8 conflict with INA § 240(a), and that an immigration judge must conduct all proceedings deciding the deportability of an alien. *Morales-Izquierdo,* 388 F.3d at 1305. However, the opinion in *Morales-Izquierdo* was later withdrawn and cannot be cited as precedent. *Morales-Izquierdo v. Gonzales,* 423 F.3d 1118 (9th Cir. 2005). Thus, the current rule in the Ninth Circuit with regard to the validity of the reinstatement of a removal order reverts to *Alvarenga-Villalobos v. Ashcroft,* 271 F.3d 1169 (9th Cir. 2001), holding that the reinstatement process does not offend due process. Because Defendant does not allege any specific facts regarding the circumstances of his most recent removal, and because the reinstatement process generally has been held to comport with due process, Defendant is unable to satisfy the first prong of the test in *Zarate-Martinez* requiring a showing of a defect in the proceeding that violates due process. Therefore, Defendant's Motion to Dismiss is denied.

## II. Other Motions

The Court denies Defendant's Motion Re: Grand Jury Transcripts, finding Defendant failed to demonstrate a particularized need to review the transcripts prior to the testimony of the witnesses.

After denying Defendant's Motion to Dismiss, counsel for Defendant orally moved for a continuance based on Defendant's intent to enter into plea negotiations with the Government.  The Court granted Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss **(Ct. Rec. 31)** is **DENIED.**

2. Defendant's Motion for Discovery Re: Grand Jury Transcripts **(Ct. Rec. 32)** is **DENIED**, with leave to renew.

3. Defendant's oral Motion to Continue is **GRANTED.**

4.  The **Pretrial Conference** is **RESET** from September 18, 2006, to **September 27, 2006,** at **9:00 a.m.** in **Richland**, Washington.  At this hearing, the Court will hear all pretrial motions, including motions *in limine* and *Daubert* motions.

5.  Trial briefs, requested voir dire, and joint proposed jury instructions shall be filed and served **NO LATER THAN October 20, 2006.** Joint jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim or defense, and a proposed verdict form.

6. The **jury trial** is **RESET** from **September 25, 2006,** to **October 30, 2006,** at **9:30 a.m.** in **Yakima**, Washington.  **Counsel shall meet with the Court in Chambers at 8:45 a.m. on the day of trial.  Any motions unaddressed at the pretrial conference shall be heard in open court on**

1  **the day of trial at 9:00 a.m., at which time the Defendant shall be**

2  **present.**

3         **IT IS SO ORDERED.**  The District Court Executive is directed to enter

4  this order and to provide copies to counsel, the U.S. Probation Office,

5  the U.S. Marshal, and the Jury Administrator.

6         **DATED** this _____21st_____ day of September 2006.

7

8                          ____S/ Edward F. Shea_____
                                EDWARD F. SHEA
9                          United States District Judge

10
   Q:\Criminal\2006\2088.dismiss.wpd
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 8